# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| FOT RESIDENCES II, LLC | Case No. 12-49578 |
| Debtor. | Hon. A. Benjamin Goldgar |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **February 19, 2014 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, we will appear before the **Honorable A. Benjamin Goldgar**, or any judge sitting in his stead, in Room 642 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the **MOTION FOR ENTRY OF A FINAL DECREE,** a copy of which is hereby served upon you.

Respectfully submitted,

FOT Residences II, LLC

Dated: February 5, 2014            By:  */s/ David R. Doyle*
                                         One of its attorneys

Robert W. Glantz (#6201207)
David R. Doyle (#6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151  telephone
(312) 980-3888  facsimile

## CERTIFICATE OF SERVICE

David R. Doyle certifies that he caused to be served the following motion and foregoing notice upon the attached service list in the manner so indicated on this 5th day of February 2014.

/s/ David R. Doyle

## SERVICE LIST

# Mailing Information for Case 12-49578

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- David R Doyle ddoyle@shawfishman.com, kjanecki@shawfishman.com
- Robert W Glantz rglantz@shawfishman.com, bharrington@shawfishman.com
- Allen J Guon aguon@shawfishman.com, cowens@shawfishman.com
- Ronald J. Kapustka ndaily@ksnlaw.com, bankruptcy@ksnlaw.com
- Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov
- Scott N. Schreiber sschreiber@stahlcowen.com

## SERVICE LIST

| | | |
|---|---|---|
| 901 Madison Condominium Association<br>c/o Ronald J. Kapustka<br>750 West Lake Cook Road, Suite 350<br>Buffalo Grove, IL 60089 | 901 Madison Condominium Assoc<br>c/o Ryan Shpritz, its Reg. Agent<br>750 West Lake Cook Rd. #350<br>Buffalo Grove, IL 60089-2088 | Andrew H. Eres<br>Stahl Cowen Crowley Addis LLC<br>55 West Monroe #1200<br>Chicago, IL 60603-5127 |
| Augusta Properties & Investments<br>Keith Joseph<br>1648 W. Augusta<br>Chicago, IL 60622-3806 | Brian Conner<br>901 W. Madison #502<br>Chicago, IL 60607-3371 | Brian Lastovich<br>901 W. Madison #503<br>Chicago, IL 60607-3371 |
| Cook County Treasurer<br>Law Dep't.<br>118 North Clark Street<br>Chicago, IL 60602-1590 | David I Rousso, Trustee<br>of David I Rousso Revoc Trust<br>2340 Woodpath Land<br>Highland Park, IL 60035-2046 | The David M. Ferrino Trust 5/13/05<br>David Ferrino<br>10801 Buckingham Place<br>Concord, OH 44077-9130 |
| Edwin Leshin<br>155 Janes Loop<br>Highwood, IL 60040-2037 | Erica Karp<br>901 W. Madison #402<br>Chicago, IL 60607-3370 | FOT Residences I, LLC<br>60 Revere Dr. #202<br>Northbrook, IL 60062-1574 |
| FOT Residences II, LLC<br>901 W. Madison St<br>Chicago, IL 60607-3369 | First Merit Bank, N.A.<br>Scott Schreiber<br>Stahl Cowen Crowley Addis, LLC<br>55 W. Monroe, Suite 1200<br>Chicago, Illinois 60603-5127 | Steinberg Advisors, Ltd.<br>5 Revere Dr.<br>Suite 400<br>Northbrook, IL 60062-1570 |
| Greg Eshoo<br>401 Washington ST<br>Glenview, IL 60025-5054 | Scott N. Schreiber<br>Stahl Cowen Crowley<br>55 W. Monroe Street<br>Suite 1200<br>Chicago, IL 60603-5127 | Harris Bank<br>1300 S. Wabash Ave<br>Chicago, IL 60605-2550 |
| James D. Geleerd<br>217 N. Jefferson St. 5th Floor<br>Chicago, IL 60661-1143 | James D. Geleerd<br>2260 Sheridan Rd.<br>Highland Park, IL 60035-2015 | Jason Neimark<br>3627 Saint Annes<br>Boca Raton, FL 33496 |
| Jeff Scolaro<br>901 W. Madison #604<br>Chicago, IL 60607-3372 | Joe Jakubicek<br>224 W. Fairview Way<br>Palatine, IL 60067-7900 | Joel Bayer<br>1948 N. Orchard<br>Chicago, IL 60614-5130 |
| Terrapin Realty LLC<br>c/o James D. Geleerd<br>2260 Sheridan Road<br>Highland Park, IL 60035-2015 | Laura Starck<br>901 W. Madison #904<br>Chicago, IL 60607-3373 | Patrick S Layng<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St<br>Room 873<br>Chicago, IL 60604-2027 |
| Maybell Yeum<br>901 W. Madison # 783<br>Chicago, IL 60607-3374 | Michael Ezgur<br>217 N. Jefferson St. 5th Floor<br>Chicago, IL 60661-1143 | Mike Zucker<br>Peak Properties<br>2201 W. Roscoe<br>Chicago, IL 60618-6209 |

Roth Holdings, LLC
Mitchell Roth c/o Much Shelist
191 N. Wacker #1800
Chicago, IL 60606-1631

Todd Siegel
901 W. Madison #1010
Chicago, IL 60607-3376

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| FOT RESIDENCES II, LLC | Case No. 12-49578 |
| Debtor. | Hon. A. Benjamin Goldgar |

## MOTION FOR ENTRY OF A FINAL DECREE

FOT Residences II, LLC, the Reorganized Debtor established by the *Debtor's First Amended Plan of Reorganization* [Dkt. No. 95] (the "Plan[1]"), hereby moves (the "Motion") for entry of a final decree closing the above-captioned bankruptcy case (the "Case"), and respectfully states as follows:

### Jurisdiction

1. On December 19, 2012 ("Petition Date"), the above-captioned debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. This Court has jurisdiction to hear this matter and enter final orders granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

### Background

3. Prior to the Petition Date, the above-captioned debtor owned and rented certain condo units at 901 West Madison Street in Chicago, Illinois (the "Real Property").

4. On November 14, 2013, the Court entered an order [Dkt. No. 109] approving the *Disclosure Statement for Debtor's First Amended Plan of Reorganization* and confirming the Plan.

---

[1] All capitalized, undefined terms herein shall have the meanings set forth in the Plan.

{10388-001 MOT A0366530.DOCX}

**A. Issuance of New Equity, Turnover by Receiver, and Assumption of Leases**

5. Pursuant to the Plan, on the Effective Date,[2] all property of the bankruptcy estate became vested in the Reorganized Debtor, and the equity of the Reorganized Debtor was issued to FOT II 901 New Equity, LLC.

6. Prior to the Petition Date, the Real Property was in the possession of a state-court appointed receiver (the "Receiver"). Pursuant to the Plan, on or about December 1, 2013, the Receiver turned over possession of the Real Property to the Reorganized Debtor.

7. On November 20, 2013, pursuant to the Plan, the Reorganized Debtor sent a *Notice of Confirmation of Debtor's Plan of Reorganization* to all creditors of the above-captioned debtor. *See* [Dkt. No. 112].

8. On January 8, 2014, pursuant to the Plan, the Reorganized Debtor served a *Notice of Assumption of Lease* to certain tenants of the Reorganized Debtor notifying them that their leases had been assumed and that the Reorganized Debtor did not believe any cure amount was owed. *See* [Dkt. No. 117].

9. Under the Plan, the Reorganized Debtor has explicit authority and responsibility for "closing the Chapter 11 Case."

**B. Distributions under the Plan**

10. A summary of the required distributions under the Plan, and the status of such distributions, is set forth in detail below:

---

[2] "Effective Date" refers to the date on which each of the following conditions have been satisfied: 1. The Bankruptcy Court shall have entered the Confirmation Order; 2. The Confirmation Order shall have become a Final Order; and 3. All other actions and documents necessary to implement this Plan as of the Effective Date shall have been effected or duly executed and delivered.

{10388-001 MOT A0366530.DOCX}    2

| Claim | Treatment under Plan | Status of Distributions |
|---|---|---|
| **Administrative Claims** | Payment in full shortly after confirmation of the Plan. | All administrative claims have been paid in full, with the exception of $650.00 in fees owed to the United States Trustee for Q4 2013 and Q1 2014, which will be paid in full prior to presentment of this Motion. |
| **FirstMerit Secured Claim (Class 1):** | FirstMerit is to receive a note providing for (i) payment of $450,000 within 10 business days of the Effective Date; (ii) payment of the certain rents held by the Receiver; (iii) $4,000 a month for seventy-two (72) months following the Effective Date, (iv) payment of certain proceeds from the annual sales of condo units, starting before the second anniversary of the Effective Date; (v) quarterly payments of net cash flow from the reorganized debtor's business operations; and (vi) and (vi) a balloon payment on the last day of the 72nd month following the Effective Date in such an amount necessary to ensure that the Section 1111(b) Payments equal the FirstMerit 1111(b) Claim. | FirstMerit has received (i) payment of $450,000 and (ii) payment of certain rents by the Receiver.

The remaining distributions will be paid as required under the Plan over the next 72 months. |
| **General Unsecured Claims (Class 2):** | Each Holder of a General Unsecured Claim claim shall receive three (3) Distributions on the first, second, and third anniversaries of the Initial Distribution Date, or such earlier date as the Reorganized Debtor determines in its sole discretion, equaling in the aggregate 2% of its Allowed Class 2 Claim. | The distributions will be paid as required under the Plan on the first, second, and third anniversaries of the Initial Distribution Date. |

| Claim | Treatment under Plan | Status of Distributions |
|---|---|---|
| **Association Claim (Class 3):** | Madison 901 Condominium Association (the "Association") shall receive a total of three (3) Distributions, which amounts together equal a total of five percent (5%) of its total claim, on the first, second, and third anniversaries of the Initial Distribution Date[3] or such earlier date as the Reorganized Debtor determines in its sole discretion. | The distributions will be paid as required under the Plan on the first, second, and third anniversaries of the Initial Distribution Date. |

**Relief Requested**

11.  The Reorganized Debtor requests entry of a final decree closing the Case. The Plan has been substantially consummated as the Reorganized Debtor has begun making distributions to FirstMerit as required by the Plan. As of the filing date of the Motion, the above-captioned debtor and the Reorganized Debtor have complied with all obligations under the Plan. The only remaining duties consist of making the remaining distributions in accordance with the Plan (the "Remaining Distributions"). Based on the foregoing and subject to this Court's retention of jurisdiction over all issues related to the Remaining Distributions (as well as all other issues over which the Court has retained jurisdiction pursuant to the Plan), the Reorganized Debtor submits that entry of a final decree is warranted.

12.  Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Likewise, Fed. R. Bankr. P. 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

---

[3] "Initial Distribution Date" means ten business days after the Effective Date.

{10388-001 MOT A0366530.DOCX}    4

13. The term "fully administered" is not defined in the Bankruptcy Code, but it is clear that the entry of a final decree closing a chapter 11 case should not be delayed just because all of the payments required by a plan have not been completed. *See In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990); *In re Jordan Manufacturing Co., Inc.,* 138 B.R. 30, 36 (Bankr. C.D. Ill. 1992).

14. Furthermore, this Court has employed the following factors when determining whether a Chapter 11 case has been fully administered: (1) whether the order confirming the plan has become final; (2) whether deposits required by the Plan have been distributed; (3) whether the property proposed by the plan to be transferred has been transferred; (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under the plan have commenced; and (6) whether all motions, contested matters and adversary proceedings have been finally resolved. *Mold Makers*, 124 B.R. at 768.

15. In this Case, the order confirming the Plan has become final. The Receiver has transferred possession of the Real Property to the Reorganized Debtor. The Reorganized Debtor has assumed management of the Real Property and is currently receiving rent payments from tenants. FirstMerit has received the initial payments due under the Plan, namely rents from the Receiver and the $450,000 payment. There are no deposits to be distributed, and there are no motions, contested matters, or adversary proceedings to resolve. Accordingly, entry of a final decree is appropriate.

16. The Court may retain jurisdiction over disputes that arise with respect to the Remaining Distributions (as well as other issues, as provided under the Plan). Bankruptcy courts can retain post-confirmation jurisdiction if the chapter 11 plan provides for it, even after entry of

a final decree in a bankruptcy case. *In re Fibermark, Inc.*, 369 B.R. 761 (Bankr. D. Vt. 2007). Here, the Plan provides for retention of jurisdiction by the Court, *inter alia*, "to resolve any dispute arising under or related to the implementation, execution, consummation or interpretation of this Plan and the making of Distributions thereunder." Thus, the fact that Remaining Distributions exist does not preclude entry of a final decree by the Court.

## Notice

17.     As required by Fed. R. Bankr. P. 3022 and Local Rule 3022, the Reorganized Debtor has served this Motion on the Office of the United States Trustee, the CMECF service list and all known creditors.

WHEREFORE, the Reorganized Debtor requests that this Court enter a final decree in the Case substantially in the forms attached hereto: (i) granting the Motion; (ii) providing for the entry of a Final Decree closing the Case subject to this Court's retention of jurisdiction as set forth in the Plan; and (iii) granting such other just and appropriate relief.

Respectfully submitted,

FOT Residences II, LLC

Dated: February 5, 2014

By: */s/ David R. Doyle*
       One of its attorneys

Robert W. Glantz (#6201207)
David R. Doyle (#6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151  telephone
(312) 980-3888  facsimile